JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Scott Montgomery and Michael Gentile, individually and on behalf of all others similarly situated.

**(b)** County of Residence of First Listed Plaintiff    Cumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cohen & Riechelson - Kevin Riechelson, Esquire
3500 Quakerbridge Road, Hamilton, NJ  08619
609-394-8585

## DEFENDANTS

DATAONE USA LLC

County of Residence of First Listed Defendant    Cumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander  Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine  Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product  Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -  Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☒ 240 Torts to Land | ☐ 443 Housing/  Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other  ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Class Action Fairness Act, 28 U.S.C. § 1332(d)

Brief description of cause:
noxious odors release

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
May 26, 2026

SIGNATURE OF ATTORNEY OF RECORD
*Kevin Riechelson*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**Kevin S. Riechelson**
**COHEN & RIECHELSON**
3500 Quakerbridge Road, Suite 203
Hamilton, New Jersey, 08619
Tel: (609) 394-8585| Fax: (609) 394-8620
KRiechelson@crlawoffices.com
*Attorney for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SCOTT MONTGOMERY and MICHAEL GENTILE, individually and on behalf of all others similarly situated | ) ) ) ) ) | Case No. |
| Plaintiffs, | ) ) | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| vs. | ) ) ) | |
| DATAONE USA LLC, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      Plaintiffs, Scott Montgomery and Michael Gentile, on behalf of themselves and all others similarly situated, bring this putative class action against DataOne USA LLC (hereinafter the "Defendant"), which operates and maintains the Data Center located at 3963 S. Lincoln Ave, Vineland, New Jersey 08361 (hereinafter the "Data Center").

2.      Through its operation and maintenance of the Data Center, Defendant has emitted, and continues to emit, unreasonable and excessive noise onto Plaintiffs' properties thereby causing property damages through private nuisance, public nuisance, and negligence.

1

**PARTIES**

3.      At all times relevant hereto, Plaintiff Scott Montgomery is an individual citizen of New Jersey that owns and resides at a home located at 3979 Nathan Lane, Vineland, New Jersey.

4.      At all times relevant hereto, Plaintiff Michael Gentile is an individual citizen of New Jersey that owns and resides at a home located at 1546 Pennsylvania Avenue, Vineland, New Jersey.

5.      Defendant and/or its agents have at all times relevant hereto owned, constructed, operated, and/or maintained the Vineland Data Center located at 3963 S. Lincoln Ave, Vineland, New Jersey.

6.      Defendant DataOne USA LLC is a domestic limited liability company, organized under the laws of New Jersey, and registered to do business in New Jersey and identified through public sources as the owner, operator, and/or entity exercising control over the Data Center.

7.      Upon information and belief, Defendant is at least a citizen of Ireland through one or more of its members.

8.      Defendant, including its predecessors and agents, maintains and operates the Data Center and has exercised control and ownership over the Data Center at all relevant times hereto.

**JURISDICTION AND VENUE**

9.      This Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

10.      Independent of and in addition to original jurisdiction under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more putative Class Members and the aggregate amount

2

in controversy exceeds Five Million Dollars ($5,000,000) exclusive of interest and costs. Additionally, at least one, if not all, class members are citizens of a different state from Defendant, establishing minimal diversity.

11.     The Court has personal jurisdiction over Defendant, who has sufficient minimum contacts with the State of New Jersey, because it regularly conducts substantial business in New Jersey through its operation and maintenance of the Data Center, and Plaintiffs' claims arise through such contacts with the forum state.

12.     Exercising personal jurisdiction over Defendant for its contacts satisfies due process and does not offend traditional notions of fair play and substantial justice because Defendant has purposefully availed itself of the laws of the State of New Jersey and it benefits by regularly conducting business through its industrial operations in the state.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events, acts, and/or omissions giving rise to Plaintiffs' claims took place in this judicial District, and because much, if not all, of the property that is the subject of this action is situated in this judicial District.

## FACTUAL ALLEGATIONS

14.     Defendant owns and operates a Data Center located at 3963 S. Lincoln Ave, Vineland, New Jersey 08361.

15.     Plaintiffs reside within the proposed Class Area and within 1 mile of the Data Center.

16.     On frequent, recurrent, and continuing occasions too numerous to list herein, Plaintiffs' properties have been and continue to be physically invaded by excessive noise from Defendant's Data Center.

17. The noise which entered, and continues to enter, Plaintiffs' properties originated from Defendant's Data Center as a result of Defendant's intentional and/or negligent acts and/or omissions.

18. These excessive noise emissions caused by Defendant's Data Center have been and continue to be emitted across public and private land within the Class Area.

*Defendant's Data Center Operations*

19. Defendant's Data Center is situated on a campus that remains under construction but at the time of filing features at least three fully operating data rooms.[1]

20. To power its equipment, Defendant's Data Center will require around 300 megawatts (MW), which is the energy demand of a small city.

21. Defendant is constructing the Data Center, set to be a 2.6 million square foot complex,[2] where it will house a system of servers that will provide artificial intelligence computing and hosting services.[3]

22. Data Centers like Defendant's Vineland Data Center require a substantial and continuous onsite power supply for their servers, which invariably requires the use of backup generators and sophisticated cooling systems to regulate temperature and humidity in their server rooms.[4] These systems operate at all times of the day and night.

---

[1] https://www.nj.com/news/2026/03/this-mysterious-humming-is-driving-nj-town-crazy-as-a-massive-ai-data-center-rises.html (Last accessed May 26, 2026).
[2] https://www.njspotlightnews.org/2026/03/left-in-the-dark-pushback-builds-against-vineland-data-center/ (Last accessed May 26, 2026).
[3] https://www.nj.com/news/2026/03/developer-of-huge-ai-data-center-delays-crucial-hearing-days-after-nj-residents-protest.html (Last accessed May 26, 2026).
[4] https://www.eesi.org/articles/view/communities-are-raising-noise-pollution-concernsabout-data-centers (Last accessed May 26, 2026).

23.     These servers produce significant amounts of heat that can damage the chips integral to data processing. As a result, Data Centers, including Defendant's Vineland Data Center, employ massive cooling systems to manage the heat produced by the servers.

24.     These cooling systems are integral and oftentimes extensive, with some cooling systems accounting for up to 40% of a Data Center's energy consumption.[5]

25.     Defendant's Vineland Data Center generates significant noise pollution from diesel generators and heating, ventilation, and air conditioning (HVAC) systems, including chillers, cooling towers, air-handling units, and condenser fans. These systems may create persistent industrial noise with internal levels of 70-90 A-weighted decibels (dBA) and community-facing levels that can exceed 48-60 dBA without adequate mitigation.[6]

26.     Defendant's Data Center operates 24 hours a day, 7 days a week. The noise emitted from the Data Center, and experienced by Plaintiffs and the Class, is not only excessive, but consistent and pervasive.

27.     A properly operated, maintained, and/or constructed Data Center will contain, capture, or otherwise prevent the emission of excessive noise from its generators and cooling systems by implementing soundproofing equipment, such as noise-absorbent materials, sound blankets, and sound attenuators.

28.     A properly operated, maintained, and/or constructed Data Center will contain, capture, or otherwise prevent the emission of excessive noise from its generators and cooling systems by utilizing acoustic barriers, shields, and walls in and around the perimeter of its property.

---

[5] https://www.eesi.org/articles/view/communities-are-raising-noise-pollution-concernsabout-data-centers (Last accessed May 26, 2026).
[6] George, Babu. *Health Consequences of Large Data Centers: Air Pollution, Noise, Water Use, and Environmental Justice*. No. cnwyb_v1. Center for Open Science, 2026. Stable link: https://osf.io/download/69a8a7d20a7fcea28b79774f/ (Last accessed May 26, 2026).

29.     A properly operated, maintained, and/or constructed Data Center will contain, capture, or otherwise prevent the emission of excessive noise from its generators and cooling systems by designing and implementing low-noise cooling systems.

30.     Defendant has failed to implement adequate soundproofing equipment at its Data Center that properly absorbs, captures, and/or prevents the escape of noise, thereby resulting in the offsite emission of excessive noise beyond its property.

31.     Defendant has failed to implement adequate acoustic barriers, shields, or walls, that absorb, mitigate, and/or prevent the escape of noise, thereby resulting in the offsite emission of excessive noise beyond its property.

32.     Defendant has failed to implement adequate low-noise cooling systems that contain, mitigate, and/or prevent the escape of noise, thereby resulting in the offsite emission of excessive noise beyond its property.

### *Defendant's Excessive Noise Emissions*

33.     Defendant has failed to follow proper industrial practices to prevent the offsite emission of noise, and has failed to absorb, capture, mitigate, and/or prevent noise from escaping its Data Center, thereby invading the homes and properties of Plaintiffs and the Class.

34.     The noise emissions from Defendant's Data Center are loud, annoying, and pervasive.

35.     Defendant's Data Center has been the subject of frequent and numerous complaints from residents in the nearby residential area.

36.     Numerous households have contacted Plaintiffs' counsel documenting the noise they attribute to the Defendant's Data Center.

37.     Below is a small sample of the factual allegations made by putative class members to Plaintiffs' counsel, demonstrating the Data Center is the source and cause of the noise, which has caused damage to neighboring properties and their use and enjoyment thereof:

a.  Plaintiff Scott Montgomery reported that "Until recently after all media coverage and complaints the noise would disturb sleep, not enjoy nice country like sitting in yard, very annoying and disturbing."

b.  Plaintiff Michael Gentile stated that it's "[a] very loud industrial noise. Sounds like a helicopter hovering, loud fans like you're at an airport. Humming noise. Sometimes you hear it in the house. Sometimes when you step outside on my porch. We have had the Cumberland Health Dept. do sound monitoring."

c.  Putative class member Stefanie Bartiromo indicated "There is a constant noise of machinery running that is most noticeable at night when trying to sleep. It sounds like a helicopter that never moves and at times like a heavy duty truck running constantly. It is loud enough to hear with windows closed and over typical home noise. Disruptive to the nervous system and prevents sleep/relaxation."

d.  Putative class member Dino Cappellari stated that "We have noticed a persistent humming/buzzing noise coming from the nearby data facility that can be heard both inside and outside our home, especially during quieter evening and nighttime hours. The constant noise has made it difficult to fully relax, enjoy time outdoors, and interferes with our sleep. Prior to the construction of this facility, we began actively looking for land to build a home or purchase an existing home. However, we are now concerned that the continued noise and growing awareness of it within our community will negatively affect the resale value of our home! The nature of this noise has become an ongoing disturbance, affecting our comfort and enjoyment of our home."

38.     As a result of persistent community complaints regarding noise emissions from the Data Center, the Cumberland County Department of Public Health conducted an inspection of the Data Center on March 10, 2026 and issued Defendant a Notice of Violation (NOV) for noise in excess of 50 dBA between the hours of 10:00 P.M. and 7:00 A.M. in violation of N.J.A.C. § 7:29-1.2(A)2i.

39.     Defendant's Data Center has also been subject of significant scrutiny in local media regarding its noise emissions.[7,8,9,10]

40.     In one article, the Cumberland County Department of Health was quoted as being "aware of community concerns about an ongoing 'humming' noise being heard in the residential areas of Vineland between Lincoln Avenue and Hance Bridge Road in proximity to the Pennsylvania Ave intersect. We understand that ongoing noise can be frustrating for residents, and we take these concerns seriously."[11]

41.     Despite knowledge of its excessive and constant noise emissions, the Data Center continues to emit excessive noise outside the bounds of its property.

42.     The Data Center's excessive noise emissions are offensive to Plaintiffs and the putative Class Members and would be offensive to a reasonable person of ordinary health and sensibilities.

43.     The Data Center's excessive noise emissions have caused property damages and substantially interfered with the abilities of Plaintiffs and the putative Class to reasonably use and enjoy their homes and properties.

44.     The invasion of Plaintiffs' and the Class's properties by excessive noise from the Data Center has reduced the value of those properties.

---

[7] https://www.nj.com/news/2026/03/this-mysterious-humming-is-driving-nj-town-crazy-as-a-massive-ai-data-center-rises.html (Last accessed May 26, 2026).
[8] https://snjtoday.com/vineland-residents-protest-ai-data-center/
[9] https://www.nbcphiladelphia.com/news/local/vineland-loud-humming-noise-ai-data-center/4366931/ (Last accessed May 26, 2026).
[10] https://6abc.com/post/vineland-nj-residents-raise-concerns-humming-noise-data-center-south-lincoln-avenue/18707437/ (Last accessed May 26, 2026).
[11] https://www.nbcphiladelphia.com/news/local/vineland-loud-humming-noise-ai-data-center/4366931/ (Last accessed May 26, 2026).

45.     Plaintiffs and the putative Class are a limited subset of individuals in Cumberland County and the Class Area, which includes only owner-occupants and renters of residential properties who live within the Class Area.

46.     The proposed Class Area is home to a wide range of commercial and recreational enterprises, including but not limited to retail trade, dining, education, and social assistance.

47.     Members of the public including, but not limited to, businesses, employees, commuters, tourists, visitors, minors, customers, clients, and students have been harmed by the excessive noise emissions from the Data Center into public spaces. However, unlike the Plaintiffs and the putative Class, members of the public who are outside the Class definition have not suffered damages in the form of diminished property values and/or the loss of use and enjoyment of their property.

48.     The invasion of Plaintiffs' and the Class's properties by excessive noise has interfered with the use and enjoyment of those properties, resulting in adverse impacts on private residential property values.

49.     Defendant knew or reasonably should have known about its excessive noise emissions through the numerous complaints, administrative records, communications with local government, public scrutiny, and media attention it has received regarding the Data Center.

50.     Despite clear knowledge of the Data Center's excessive noise emissions, Defendant continues to operate the Data Center in breach of its duty of ordinary care and diligence.

51.     Defendant intentionally, knowingly, recklessly, willfully, and/or negligently failed to properly construct, maintain, and/or operate the Data Center. Through Defendant's failures, the Data Center has caused an invasion of Plaintiffs' and the putative Class's private residential

properties by excessive noise on frequent, intermittent, and reoccurring occasions too numerous to list individually.

## CLASS ALLEGATIONS

### *Class Definition*

52.    Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons defined as:

> **All owner-occupants and renters of residential property residing within one (1.0) miles of Defendant's Data Center at any time within the applicable statute of limitations.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more subclasses if discovery reveals that such subclasses are appropriate.

53.    This case is properly maintainable as a class action pursuant to and in accordance with Federal Rule of Civil Procedure 23 in that:

a.    The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

b.    There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

c.    Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

d.    A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

e.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

f.    There are no unusual difficulties foreseen in the management of this class action; and,

10

g.  Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

## A. Numerosity

54.     Based on available data, there are approximately 1,013 residential households within the Class Area and therefore the proposed Class is so numerous that joinder is impracticable.

## B. Commonality

55.     Numerous common questions of law and fact predominate over any questions affecting individual Class Members, including, but not limited to the following:

a.  Whether and how Defendant negligently and knowingly failed to reasonably construct, maintain, and/or operate the Data Center to prevent off-site noise emissions;

b.  Whether Defendant owed any duties to Plaintiffs;

c.  Which duties Defendant owed to Plaintiffs;

d.  Which steps Defendant has or has not taken to control the emission of noise through its maintenance and operation of the Data Center;

e.  Whether and to what extent the Data Center's noise was dispersed over the Class Area;

f.  Whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain, and/or operate the Data Center would result in an invasion of Plaintiffs' property interests;

g.  Whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference under an objective legal standard; and,

h.  The proper measure of damages incurred by Plaintiffs and the Class.

56.     The availability of common proof as to a limited subset of the above questions of law and fact may otherwise permit issue certification under Fed. R. Civ. P. 23(c)(4).

11

## C. Typicality

57.     Plaintiffs have the same interests in this matter as all the other members of the Class and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

58.     The claims of Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, design, repair, maintain and/or operate the Data Center as to adequately mitigate noise emissions and prevent such emissions from invading Plaintiffs' private residential properties.

59.     Class Members have similar injuries to the Plaintiffs as a result of the invasion of their properties by Defendant's release of excessive and constant noise emissions that interfere with Plaintiffs' and the Class's use and enjoyment of their private residential properties as well as diminished the value of their properties.

## D. Adequacy of Representation

60.     Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class's claims will be prosecuted with diligence and care.

61.     Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

62.     Plaintiffs live in the Class Area and own or rent property that is subject to the recurring invasion of excessive noise emissions originating from Defendant's Data Center.

12

63. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from offsite emissions of industrial facilities.

64. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class Members.

**E. Class Treatment is the Superior Method of Adjudication**

65. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

    a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

    b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest separately prosecuting and controlling individual actions;

    c. The concentration of litigation in these claims in one forum will achieve efficiency and promote judicial economy; and,

    d. The proposed class action is manageable.

66. Further, class treatment of Plaintiffs' claims is appropriate and necessary to ensure that common relief is available to the Class and that Class Members can vindicate their rights in a single proceeding.

67. Notice can be provided to members of the Class by U.S. Mail and/or publication.

<u>**CAUSE OF ACTION ONE – PRIVATE NUISANCE**</u>

68. Plaintiffs restate the allegations of this Complaint as if fully restated herein.

69. Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

13

70. The excessive noise which enters the Plaintiffs' and the Class's properties originated from the Data Center, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendant.

71. Plaintiffs and the Class utilize their properties residences and reside within the Class Area.

72. The excessive noise which entered the Plaintiffs' and the Class's properties originated from the Defendant's Data Center, which is in close proximity to the Class Area.

73. By failing to reasonably design, construct, operate, repair, and/or maintain its Data Center, the Defendant has caused an invasion of the Plaintiffs' and Class's properties by excessive noise on unusually frequent occasions that are too numerous to comprehensively list herein.

74. The excessive noise emissions invading Plaintiffs' and Class's properties are indecent and offensive to individuals with ordinary sensibilities. The excessive noise substantially and unreasonably interferes with the Plaintiffs' and Class's enjoyment of life and the ability to use and enjoy their properties. This includes, but is not limited to:

    a. Forcing Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

    b. Causing Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

    c. Depriving Plaintiffs and Class Members of the value of their homes and properties; and,

    d. Interfering with Plaintiffs' and Class Members' sleep and preventing them from reasonably relaxing in their homes and/or on their property.

75. By failing to reasonably construct, maintain, and/or operate the Data Center, Defendant has wrongfully, negligently, and knowingly created a foreseeable risk of harm and caused an unreasonable invasion of Plaintiffs' and Class's properties by excessive noise.

14

76. The excessive noise emissions from Defendant's Data Center are recurring and ongoing.

77. The excessive noise emissions from Defendant's Data Center are abatable with ordinary care.

78. By failing to reasonably construct, maintain, and/or operate the Data Center, thereby causing excessive noise to invade Plaintiffs' and Class's properties, Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with Plaintiffs' and Class's properties.

79. Defendant owed, and continues to owe, a duty to Plaintiffs and the putative Class to prevent and abate the unreasonable interference with the invasion of their private property interests.

80. As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, Plaintiffs and the Class suffered, and continue to suffer, damages to their properties as alleged herein.

81. Plaintiffs and Class Members did not consent to the invasion of their properties by Defendant's excessive noise, which is ongoing and constitutes a nuisance.

82. Any social utility that is provided by the Data Center is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

83. Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties constitutes a private nuisance. Defendant is liable

for all damages arising from such nuisance, including compensatory, injunctive, and/or exemplary relief.

## CAUSE OF ACTION TWO – PUBLIC NUISANCE

84.     Plaintiffs restate the allegations of this Complaint as if fully set forth herein.

85.     Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

86.     Plaintiffs and the Class utilize their properties as residences and reside within the Class Area.

87.     Plaintiffs and the putative class are a limited subset of individuals in Cumberland County, and the proposed Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

88.     The excessive noise that enters Plaintiffs' and the Class's properties originated from Defendant's Data Center, which is in close proximity to the Class Area.

89.     The proposed Class Area is home to a wide range of commercial and recreational enterprises, including but not limited to retail trade, dining, recreation, and education.

90.     The unreasonable and excessive noise emitted by Defendant's Data Center has been, and continues to be, emitted across public and private land through the Class Area.

91.     By failing to reasonably operate, repair, and maintain the Data Center, Defendant has caused an invasion of the Plaintiffs' and Class's properties by excessive noise on frequent occasions that are too numerous to individually list herein.

92.     The excessive noise emissions invading Plaintiffs' and Class's properties are indecent and offensive to individuals with ordinary sensibilities. The excessive noise substantially

16

and unreasonably interferes with the Plaintiffs' and Class's enjoyment of life and the ability to use and enjoy their properties as described herein.

93.    As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, Plaintiffs and the Class suffered, and continue to suffer, damages to their properties as alleged herein.

94.    The damages suffered by Plaintiffs and the Class are uniquely injurious because they suffer harm relating to the use and enjoyment of their lands and properties, and decreased property values, which are not harms suffered by the general public.

95.    The general public is also impacted by the Data Center's noise emissions. Many members of the general public are impacted by the noise when they work, study, worship, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land a property, or decreased property values.

96.    Plaintiffs and the Class did not consent to the invasion of their properties by Defendant's noise, which is ongoing and constitutes a nuisance.

97.    Any social utility that is provided by the Data Center is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

98.    Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties constitutes a public nuisance. The Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, and/or exemplary relief.

17

## CAUSE OF ACTION THREE – NEGLIGENCE

99. Plaintiffs restate the allegations of this Complaint as if fully restated herein.

100. Defendant owed, and continues to owe, a duty to Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

101. A properly constructed, operated, and maintained Data Center will not emit excessive noise into neighboring residential areas.

102. Defendant breached its duties by negligently and improperly constructing, maintaining, and/or operating the Data Center. This includes but is not limited to:

    a. Constructing, operating, and/or maintaining inadequate soundproofing equipment for its Data Center operations, including its cooling systems and/or generators;

    b. Constructing, operating, and/or maintaining inadequate acoustic barriers, walls, and shields for its Data Center operations, not limited to insufficient acoustic coverage on or around the perimeter of the Data Center;

    c. Failing to construct, operate, and/or maintain low-noise cooling systems at the Data Center;

    d. Failing to develop and/or implement an adequate noise monitoring system;

    e. Failing to develop and/or implement an adequate noise prevention plan;

    f. Failing to utilize other noise prevention, elimination, and mitigation measures and technology available to Defendant; and,

    g. Other failures revealed during discovery.

103. By failing to properly construct, maintain, and/or operate its Data Center, Defendant has failed to exercise its duty of ordinary care and diligence.

104. Defendant's breach of its duty of care was the direct and proximate cause of the invasion of the Plaintiffs' and Class's homes by excessive noise.

18

105.    Such invasions by excessive noise were the reasonably foreseeable result of Defendant's misconduct, and Plaintiffs and the Class have suffered damages to their properties as alleged herein. Such damages include but are not limited to the loss of use and enjoyment of their properties and the diminution of property values.

106.    By failing to properly construct, operate, and/or maintain the Data Center, Defendant has failed to exercise its duty of ordinary care and diligence so that excessive noise would not invade Plaintiffs' property.

107.    Defendant knowingly, recklessly, and with conscious disregard for the rights of Plaintiffs and the Class, failed to prevent the invasion of excessive noise upon Plaintiffs' and the Class's properties.

108.    Defendant could reasonably anticipate that the invasion of the Data Center's excessive noise upon the Plaintiffs' and Class's properties would result in property damages in the form of the loss of use and enjoyment and the diminution of property values.

109.    Defendant is liable for all damages arising from such negligence, including compensatory, injunctive, punitive, and/or exemplary relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.  Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

B.  Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C.  Judgment in favor of Plaintiffs and the Class Members as against the Defendant for each cause of action stated herein;

19

D.  An award to Plaintiffs and the Class Members for compensatory and punitive damages, including pre- and post-judgement interest;

E.  An award of attorneys' fees and costs, including pre- and post-judgement interest as allowable by law;

F.  An Order holding that the entrance of the aforementioned excessive noise emissions upon Plaintiffs' and Class's properties constitutes a nuisance;

G.  An Order holding that Defendant was negligent in causing noise emissions to repeatedly invade and interfere with the Plaintiffs' and the Class's private residential properties;

H.  An award to the Plaintiffs and the Class Members for injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and,

I.  Such further relief, both general and specific, that this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues raised in this Complaint, pursuant to Fed. R. Civ. P. 38.


Date: May 26, 2026                                Respectfully submitted,

*Kevin Riechelson*

_____
Kevin S. Riechelson
**COHEN & RIECHELSON**
3500 Quakerbridge Road, Suite 203
Hamilton, New Jersey, 08619
Tel: (609) 394-8585| Fax: (609) 394-8620
KRiechelson@crlawoffices.com

*/s/ Laura L. Sheets*
Steven D. Liddle*
Laura L. Sheets*
Matthew Z. Robb*
**LIDDLE SHEETS P.C.**
975 E. Jefferson Ave.

20

Detroit, MI  48207
(313) 392-0015
sliddle@lsclassaction.com
lsheets@lsclassaction.com
mrobb@lsclassaction.com
*Pro Hac Vice Motions to be submitted
Attorneys for Plaintiffs

21