# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| SCOTT MONTGOMERY, MICHAEL GENTILE, and STEVEN BROWN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DATAONE USA LLC,<br><br>Defendant. | Civil Action No. 26-5972 (RMB/MJS)<br><br><br>**ORDER TO SHOW CAUSE** |

**THIS MATTER** comes before the Court upon the First Amended Class Action Complaint (the "Complaint") [Docket No. 4] filed by Plaintiffs Scott Montgomery, Michael Gentile, and Steven Brown (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, against Defendant DataOne USA LLC) ("DataOne" or the "Defendant"). The Complaint relies upon both diversity of citizenship and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), to establish federal subject matter jurisdiction. [Compl. ¶¶ 10, 11.]

Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Subject matter jurisdiction based on diversity of citizenship requires (1) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and

(2) that it "is between … citizens of different States."   28 U.S.C. § 1332(a)(1).

"To establish jurisdiction under CAFA, the amount in controversy must be over five million dollars, the proposed class of plaintiffs must have at least 100 members, and there must be minimal diversity of citizenship among the parties, meaning that at least one plaintiff must be a citizen of a different state than at least one defendant." *Hice v. EQT Corp.*, 2026 WL 777440, at *3 (3d Cir. Mar. 19, 2026) (internal citations omitted) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).   "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Here, the nature of the allegations set forth in the Complaint adequately establishes the requisite amount in controversy.  Plaintiffs allege that Defendant's operation of a data center in Vineland, New Jersey, causes unreasonable and excessive noise that has deprived residents in the surrounding area of their property values, as well as the reasonable use and enjoyment of their properties.  [*See, e.g.*, Compl. ¶¶ 2, 38, 45–46, 50.]

The Court, however, finds that the Complaint does not adequately allege the citizenship of the Defendant.  All Plaintiffs and class members are alleged to be citizens of New Jersey.  [*Id.* ¶¶ 3–5, 54.]  Plaintiffs claims that Defendant is "a domestic limited liability company, organized under the laws of New Jersey, and registered to do business in New Jersey," and that "[u]pon information and belief, Defendant is at least a citizen of Ireland through one or more of its members."  [*Id.* ¶¶ 7–8.]

But the citizenship of an LLC is determined by the citizenship of *each* of its members. *See Zambelli*, 592 F.3d at 418. Despite this, Plaintiffs have made no effort whatsoever to identify each of the members of the Defendant LLC and each member's respective citizenship. The allegation that at least one unidentified member of DataOne is a citizen of Ireland alone is inadequate. As the allegations set forth in the Complaint are insufficient to establish the citizenship of the parties, it is impossible for the Court to determine whether it has subject matter jurisdiction over this dispute.

**ACCORDINGLY, IT IS**, on this **12th** day of **June 2026**,

**ORDERED** that, by no later than **Monday, June 22, 2026**, Plaintiffs shall **SHOW CAUSE** by written submission filed on the docket why this case should not be dismissed for lack of subject matter jurisdiction.

/s/**Renée Marie Bumb**
HON. RENÉE MARIE BUMB
Chief United States District Judge

3